## 10023

### GREEN v. JAMES *ET AL.*

#### (96 S. E. 400.)

1. ELECTIONS—CONTEST—JUDGMENT—MATTERS CONCLUDED.—Where the action of the town council in entertaining election contest and declaring the election void was reviewed and affirmed by the Circuit Court on writ of *certiorari,* the judgment, from which no appeal was taken, precludes Circuit Court in subsequent action from considering question of whether town council had authority to entertain contest.

2. ELECTIONS—SUBSTITUTED ELECTION—REGISTRATION.—Where an election was declared void and a new election held, the failure to open registration books to register the voters, as required by law where special election is held, does not invalidate the election; such election being a substituted election in place of a void election and not such a special election as was contemplated by statute.

3. APPEAL AND ERROR—REVIEW—CONSIDERATION OF EVIDENCE.—Court on appeal will not consider testimony not briefed or stated in narrative form as required by rules of the Court.

4. APPEAL AND ERROR—REVIEW—FINDINGS.—In action to compel defendants to recognize plaintiff as mayor of a town, findings of fact are not reviewable on appeal.

Before SPAIN, J., Greenville, Fall term, 1917.    Affirmed.

Proceeding in the nature of *quo warranto* by E. D. Green against W. L. James and others.  Judgment for petitioner, and respondents appeal.

*Marvin R. Reese, Esq.,* and *Messrs. Cothran, Dean &*
*Cothran* and *Landford & Richards,* for appellants.   *Messrs.*
*Cothran, Dean & Cothran,* cite : *As to irregularities vitiat-*
*ing entire election:* 79 S. C. 418; 76 S. C. 588; 86 S. C. 456;
78 S. C. 472; 84 S. C. 148.   *As to failure to open and keep*
*open the registration books for requisite time before election:*
Code of Laws, vol. I, section 221.

*Mr. Wilton H. Earle,* attorney for petitioner, respondent
(oral argument).

July 13, 1918.

The opinion of the Court was delivered by MR. JUSTICE
HYDRICK.

Plaintiff brought this action, under section 466 of the
Code of Civil Procedure, against certain of the defendants
as members of the town council of the town of Greer, and
against others as officers of the town, and against G. G.
Christopher, who claims to be mayor of the town, to compel
defendants to recognize him as the lawful mayor of said
town, and to allow him to perform the duties and receive
the emoluments of that office.

On February 6, 1917, the regular election for mayor and
aldermen of the town was held.   There were three candi-
dates for the office of mayor, who received votes as follows :
G. G. Christopher (one of the defendants herein), 98; E. D.
Green (the plaintiff), 95; and one Holtzclaw, 44.   The
election was contested by Green before the town council,
both he and Christopher participating in the contest, and the
council declared the election void and ordered a new election
to be held on February 27, 1917.   Christopher sued out a
writ of *certiorari* from the Circuit Court to review the action
of the town council, and the Court (Judge Smith) rendered
judgment, on April 27th, affirming the action of the town
council and adjudging the election of February 6th void.
From that judgment there was no appeal.

In the meantime, the election ordered by the council to be held on February 27th was held. At that election, only Green and Christopher were candidates; and they received votes as follows: Green, 106; and Christopher, 86. The managers made their return to the council, but the council refused to declare the result of the election. Thereafter, in an action against the town council and Christopher, Green obtained an order of mandamus from the Circuit Court, dated October 17, 1917 (Special Judge McCullough), requiring the council to declare the result of the election of February 27th, which they did, but refused to administer to Green the oath of office, or to allow him, after it had been duly administered to him by a notary public, to participate in the meetings of the council or to exercise the duties of the office of mayor, and refused to recognize him as mayor; hence, this action.

By their return to the rule herein, the defendants sought to justify their conduct on the ground that the election of February 27th was illegal and void for these reasons: (1) That council had no authority to entertain the contest of the election of February 6th, or to order the election of February 27th. (2) On the ground that the election held on the 27th was illegal and void: (a) because the registration books were not opened to register the voters for that election as required by law; and (b) because enough legal voters were denied the privilege of voting at that election to have changed the result, or, at least, to have made it doubtful. The Circuit Court (Judge Spain) overruled these defenses and gave judgment for plaintiff, holding: (1) That the first ground was *res adjudicata,* under Judge Smith's decision on the writ of *certiorari* sued out by Christopher; and (2) as to the alleged irregularities in the election of the 27th: (a) that that was not such special election as was contemplated by the statute, but that it was merely a substituted election in place of a void election, and, therefore. it was not necessary to open the registration for it; and (b)

that, even if was, enough legal voters had not been denied the privilege of voting at the election of the 27th to have affected the result.

We are satisfied with the conclusions of the Circuit Court upon the propositions of law decided. Subdivision (b) of the second ground involves a consideration of the testimony, which we decline to enter upon for two reasons: (1) The testimony was not briefed, or stated in narrative form, as required by the rules of this Court. (2) The findings of fact in a case like this are not reviewable by this Court.

Judgment affirmed.

MR. CHIEF JUSTICE GARY and MESSRS. JUSTICES WATTS and FRASER concur.

MR. JUSTICE GAGE did not sit.